09-4847-cr
USA v. Solano (Cardoso)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand ten.

Present:
> ROGER J. MINER,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> DENISE COTE,
> > *District Judge.*[*]

-------------------------------------------------

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                   No. 09-4847-cr

NELSON SOLANO,

> *Defendant*,

CARMEN CARDOSO,

> *Defendant-Appellant*.

-------------------------------------------------

_____

[*]   The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

| For Defendant-Appellant: | SAM A. SCHMIDT, New York, NY |
| --- | --- |
| For Appellee: | JOCELYN E. STRAUBER, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY |

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-appellant Carmen Cardoso appeals from an Amended Judgment entered September 17, 2009 (Patterson, *J.*) sentencing her principally to 150 months' imprisonment. Cardoso was found guilty following a jury trial for (1) conspiring to import cocaine and heroin, and (2) conspiring to distribute, and to possess with intent to distribute, cocaine and heroin. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Cardoso argues that the district court erred when it did not estop the government from arguing that she was a supervisor or manager under section 3B1.1 of the Sentencing Guidelines. She contends that the government should have been estopped because it had taken the inconsistent position at her co-defendant Miguel Diaz's sentencing that Diaz was not a supervisor or manager and was therefore eligible for the statutory safety valve under 18 U.S.C. § 3553(f). To the extent that such a claim is viable, Cardoso's argument is meritless. To make out a judicial estoppel claim, a party must demonstrate, among other things, that the later position of the party it seeks to estop is "clearly inconsistent with its earlier position." *Zedner v. United States*, 547 U.S. 489, 504 (2006) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750

-2-

(2001)).  Here, there were two different defendants whose conduct differed significantly.

Moreover, in the one scheme in which the two were co-conspirators, Cardoso directed Diaz.  The

government's positions were not "clearly inconsistent."  *See id*.  Therefore, the district court did

not err in failing to estop the government from arguing that Cardoso's sentence should be

enhanced under U.S.S.G. § 3B1.1 due to her supervisory role.

      We have reviewed Cardoso's remaining arguments and conclude that they lack merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK